IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


ALAN LEE GRACE                                        PLAINTIFF


        v.                       CIVIL NO. 11-5276


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                        DEFENDANT

### MEMORANDUM OPINION

        Plaintiff, Alan Lee Grace, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

## I.      Procedural Background:

        Plaintiff protectively filed his current applications for DIB and SSI on November 19,

2009, alleging an inability to work since May 3, 2009, due to an ulcer of the right heel,

osteomyelitis, arthritis, depression, and migraines.  (Tr. 104, 108, 127).  For DIB purposes,

Plaintiff maintained insured status through December 31, 2010.  (Tr. 9, 121).  An administrative

hearing was held on December 3, 2010, at which Plaintiff appeared with counsel and testified.

(Tr. 21-45).

AO72A
(Rev. 8/82)

By written decision dated January 4, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11). Specifically, the ALJ found Plaintiff had the following severe impairments: status post right heel fracture; status post avulsion of the right heel; status post flap reconstruction and skin grafting; and osteomyelitis. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a full range of sedentary work. (Tr. 12). The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found Plaintiff was not disabled. (Tr. 15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 6, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc.5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8,9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d

AO72A
(Rev. 8/82)

964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

-3-

economy given his age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work

experience in light of his residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138,

1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the

most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability

claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731,

737 (8th Cir.2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in

the record, including medical records, observations of treating physicians and others, and the

claimant's own descriptions of his or her limitations."  Eichelberger v. Barnhart, 390 F.3d 584,

591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005).  Limitations

resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. §

404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a

"claimant's residual functional capacity is a medical question."  Lauer v. Apfel,  245 F.3d 700,

704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be

supported by medical evidence that addresses the claimant's ability to function in the

workplace."  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In determining Plaintiff could perform a full range of sedentary work, the ALJ noted that

Plaintiff used a cane, but found that there was no evidence indicating that the use of a cane had

been prescribed by a physician.  (Tr. 14).  A review of the record revealed that on January 4,

2010, Dr. C.R. Magness, the consultative medical examiner, noted that Plaintiff used a cane, and

-4-

that Plaintiff was unable to stand or walk without an assistive device.  (Tr. 615). While Dr.

Magness may not have prescribed a cane, he clearly noted that Plaintiff needed to use an assistive

device.  The Court also notes that the ALJ found that Plaintiff did not have a severe mental

impairment, and in doing so, failed to address the findings of Dr. Brad F. Williams, a non-

examining medical consultant, who opined that Plaintiff had an affective disorder and an

anxiety-related disorder, and that Plaintiff had some mentally related work limitations. (Tr. 630-

647).  As the medical evidence revealed that Plaintiff does need the use of a cane, and that

Plaintiff may in fact have a severe mental impairment, the Court believes remand is necessary

for the ALJ to more fully and fairly develop the record regarding Plaintiff's alleged impairments.

On remand, the ALJ is directed to address interrogatories to the physicians who have

evaluated and/or treated Plaintiff asking the physicians to review Plaintiff's medical records; to

complete a RFC assessment regarding Plaintiff's capabilities during the time period in question;

and to give the objective basis for their opinions so that an informed decision can be made

regarding Plaintiff's ability to perform basic work activities on a sustained basis.  The ALJ should

also ask the above physicians to address whether or not Plaintiff needs an assistive device to

ambulate.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list

in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments

and supported by the evidence.

**IV.   Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial

evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

AO72A
(Rev. 8/82)

should be remanded to the Commissioner for further consideration pursuant to sentence four of

42 U.S.C. § 405(g).

      DATED this 23rd day of January, 2013.


               /s/ *Erin L. Setser*
               HON. ERIN L. SETSER
               UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)